Two points present themselves in this part of the case; first, the effect of the misrecital; secondly, the alleged excess in the execution of the power. As to the first, the authorities referred to by the defendants' counsel are in point. They show that the execution of the power cannot be invalidated upon that principle. It cannot be essential, provided the subject-matter conveyed is well ascertained, and a power was in existence.
Presumptions stand until the contrary appear. New the presumption that Grant was not authorized to convey is destroyed by the production of the present power; it shows that he was authorized to convey, which is all that is material.
It is however contended that the deed is a nullity on another account, that the attorney has exceeded his power, and that the excess cannot be distinguished. Should, this be the case, the arguments of the plaintiff's counsel deserve great consideration; but should the fact really be that taking out older claims within the bounds of the tract, there would remain 120,000 acres or less, and that ascertained, the execution of the power will be good; older claims were certainly contemplated by the parties.
The defendants' counsel then offered a witness to prove the amount of older claims, which was opposed, there being better evidence.
By the Court. This evidence cannot be received: claims to land are evidenced by entries or grants, either of which being of record, is higher than parol testimony *Page 159 
alone. The onus probandi lies on the defendants. The plaintiff has proved that the defendants are within his lines; they must prove how they are exempt from the operation of the plaintiff's title.
This ground was then abandoned, and the whole of the second chain of title.